## MATTER OF SACKETT STREET.

*Constitutional law — power of legislature as to taxation.*

The power of apportionment of taxation is as unlimited as the power of taxation itself.   Accordingly *held,* that certain acts (Laws 1868, chap. 631, etc.) conferring power upon the Brooklyn park commissioners to fix the limits of district of assessment for the improvement of certain streets in that city were valid and constitutional.

APPEAL from an order at special term confirming the report of the commissioners of assessment for grading, paving, and otherwise improving portions of Sackett, Douglass and DeGraw streets in the city of Brooklyn.   The improvement was commenced under the authority of an act of the legislature, entitled " An act to widen portions of Sackett, Douglass and President streets, and otherwise to alter the commissioners' map of the city of Brooklyn " (Laws 1868, chap. 631), and continued under the acts amendatory thereof (Laws 1872, chap. 710; 1873, chap. 592; 1874, chap. 588), and was completed after the passage of the last amendatory act.   The appeal was taken by George B. Elkins and others, owners of property affected by assessment for the improvement.   The grounds of objection to the confirmation taken by the appellants were, that the legislative acts, under which the proceedings were had, were unconstitutional, by rea-

son of the titles thereto being defective; by reason of an arbitrary discretion being given to the park commissioners of Brooklyn to fix the limits of the district of assessment, and by reason of the imposition of a local tax for a benefit not local in its character.

*Winchester Britton* and *Benjamin F. Tracy*, for appellants.

*William C. De Witt*, for respondents.

Present — BARNARD, P. J., and TAPPEN, J.

BARNARD, P. J. The objections taken upon this appeal to the title of the acts under which the improvements in question were made have been passed upon by this court in *People ex rel. McCann* v. *Schræder*. The power conferred by the act upon the park commission to make the district of assessment is unobjectionable. " There being no constitutional prohibition, the legislature may create a district for that special purpose, or they may tax a class of lands or persons benefited, to be designated by the public agents appointed for that purpose, without reference to town, county or district lines." *People* v. *Mayor of Brooklyn*, 4 N. Y. 419. It is no new exercise of the power. In some cases the common council by law fixed the district of assessment. In others, the assessors levied the assessment upon property they deemed benefited.

The power of apportionment of taxation is as unlimited as the power of taxation itself.

It appears by the papers, that in some instances the benefit received by the lands assessed by reason of the improvement is greater than the assessed value for purposes of annual taxation. This is urged as an objection to the report. It may well happen that lands of small value may be much increased by an improvement as expensive and attractive as this appears to be. In the absence of evidence we cannot infer fraud or partiality from that fact alone.

The order is affirmed, with costs.

*Order affirmed.*